TROY LAW, PLLC
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiffs, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
PATRICK TUNG and
VANESSA LI,
*on behalf of themselves and others similarly situated,*
                                     Plaintiffs,

                          v.

WAN HAO RESTAURANT, INC.
   d/b/a The Real KTV
   d/b/a Royal Queen,
CONNIE YING ZHANG, and
HOWARD LEE
                                     Defendants.
-------------------------------------------------------------------x

**Case No. 21-cv-07137**

**29 U.S.C. § 216(b) COLLECTIVE ACTION & FED. R. CIV. P. 23 CLASS ACTION**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs PATRICK TUNG and VANESSA LI (hereinafter referred to as "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorneys, Troy Law, PLLC, hereby bring this complaint against Defendants WAN HAO RESTAURANT, INC. d/b/a The Real KTV d/b/a Royal Queen, CONNIE YING ZHANG, JITI WANG a/k/a Ji Ti Wang, and HOWARD LEE (hereinafter referred to as "Defendants"), and allege as follows:

**INTRODUCTION**

1.     This action is brought by the Plaintiffs, on behalf of themselves as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. L. §§ 190, 650, *et seq.*, arising from Defendants' various willful, malicious, and unlawful employment policies, patterns and practices.

2. Upon information and belief, Defendants have willfully, maliciously, and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgement interest; and/or (4) attorney's fees and cost.

4. Plaintiffs further allege pursuant to NYLL and the Hospitality Industry Wage Order ("Wage Order"), 12 N.Y.C.R.R. § 146, that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid spread-of-time compensation, (4) liquidated damages, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) prejudgment and post-judgment interest, and (8) attorney's fees and costs.

**JURISDICTION AND VENUE**

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7. Plaintiff PATRICK TUNG was employed by Defendants to work as a waiter at Defendants' restaurant, located at 136-20 Roosevelt Avenue, Floor 3, Flushing, NY 11355.

8. Plaintiff VANESSA LI was employed by Defendants to work as a cashier at Defendants' restaurant, located at 136-20 Roosevelt Avenue, Floor 3, Flushing, NY 11355.

## DEFENDANTS

*Corporate Defendant*

9. Defendant WAN HAO RESTAURANT INC. d/b/a Royal Queen d/b/a the Real KTV d/b/a Jun Hao KTV is a domestic business corporation organized under the laws of the State of New York with a principal address at 136-20 Roosevelt Avenue, 3rd Floor, Flushing NY 11354.

10. WAN HAO RESTAURANT INC. d/b/a Royal Queen d/b/a the Real KTV d/b/a Jun Hao KTV is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

11. Throughout the period relevant to this lawsuit, WAN HAO RESTAURANT INC. d/b/a Royal Queen d/b/a the Real KTV d/b/a Jun Hao KTV had between forty (40) and fifty (50) employees at any one time.

12. WAN HAO RESTAURANT INC. d/b/a Royal Queen d/b/a the Real KTV d/b/a Jun Hao KTV purchased and handled goods moved in interstate commerce.

13. At all times relevant herein, WAN HAO RESTAURANT, INC. d/b/a The Real KTV d/b/a Royal Queen was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

14. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by WAN HAO RESTAURANT, INC. d/b/a The Real KTV d/b/a Royal Queen.

*Individual Defendants*

15. CONNIE YING ZHANG, known as "Boss" to Plaintiffs, is the Chief Executive Officer of and liquor license principal for WAN HAO RESTAURANT INC d/b/a Royal Queen d/b/a The Real KTV, and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at WAN HAO RESTAURANT, INC. d/b/a Royal Queen d/b/a The Real KTV.

16. CONNIE YING ZHANG actually hired the Plaintiffs.

17. CONNIE YING ZHANG actually paid the Plaintiffs.

18. CONNIE YING ZHANG actually supervised the Plaintiffs.

19. CONNIE YING ZHANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with WAN HAO RESTAURANT, INC. d/b/a Royal Queen d/b/a The Real KTV.

20. HOWARD LEE known as "Boss" to Plaintiffs, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at WAN HAO RESTAURANT, INC. d/b/a Royal Queen d/b/a The Real KTV.

21. HOWARD LEE actually supervised the Plaintiff.

22. HOWARD LEE acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with WAN HAO RESTAURANT, INC. d/b/a Royal Queen d/b/a The Real KTV.

**STATEMENT OF FACTS**

23. Defendants committed the following alleged acts knowingly, intentionally willfully, and maliciously against the Plaintiffs, the Collective, and the Class.

24. Pursuant to 12 NYCRR § 146-2.2 and 29 U.S.C. § 203(m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of the tip credit.

25. At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay Plaintiffs their lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

26. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

27. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

28. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

29. At all relevant times, Defendants knowingly, willfully, and maliciously failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

30. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiffs worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

31. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### *Plaintiff PATRICK TUNG*

32. From on or about October 1, 2018 through on or about May 31, 2019, from on or about September 1, 2019 through on or about March 13, 2020, from on or about January 1, 2021 through on or about March 15, 2021, and from on or about April 8, 2021 through on or about September 15, 2021, Plaintiff PATRICK TUNG worked for Defendants as a waiter at Defendants' restaurant, located at 136-20 Roosevelt Avenue, Floor 3, Flushing, NY 11355.

33. From on or about October 1, 2018 through on or about May 31, 2019, and from on or about September 1, 2019 through March 14, 2020, Plaintiff PATRICK TUNG's regular work schedule ran: from 22:00 hours (10:00 PM) through 04:00 hours (4:00 AM) the next morning, six (6) days per week.

34. Additionally, for four out of the six days, Plaintiff PATRICK TUNG had to to work an additional one and one-half (1.5) hours per day.

35. Accordingly, Plaintiff PATRICK TUNG regularly worked forty-two (42) hours per week.

36. From on or about January 1, 2021 through on or about March 15, 2021, Plaintiff PATRICK TUNG was regularly scheduled to work forty (40) hours per week: eight (8) hours per day, five (5) days per week.

37. From on or about April 8, 2021 through on or about June 7, 2021, Plaintiff PATRICK TUNG was regularly scheduled to work eighty and one-half (80.5) hours per week: from 12:30 hours (12:30 PM) through 24:00 hours (12:00 AM), seven (7) days per week.

38. From on or about June 8, 2021 through on or about September 15, 2021, Plaintiff PATRICK TUNG was regularly scheduled to work forty-two (42) hours per week: from 19:00

hours (7:00 PM) through 02:00 hours (2:00 AM) the next morning, six (6) days per week.

39. At all relevant times, Plaintiff PATRICK TUNG did not have a fixed time for lunch or for dinner.

40. From on or about October 1, 2018 through May 31, 2019, Plaintiff PATRICK TUNG was paid eight dollars ($8.00) per hour. Throughout this period, Plaintiff PATRICK TUNG was only paid for his scheduled thirty-six (36) hours, despite working as many as forty-two (42) hours per week.

41. From on or about September 1, 2019 through March 14, 2020, Plaintiff PATRICK TUNG was paid ten dollars ($10.00) per hour. Throughout this period, Plaintiff PATRICK TUNG was only paid for his scheduled thirty-six (36) hours, despite working as many as forty-two (42) hours per week.

42. From on or about January 1, 2021 through March 15, 2021, Plaintiff PATRICK TUNG was paid fifteen dollars ($15.00) per hour.

43. From on or about April 08, 2021 through September 15, 2021, Plaintiff PATRICK TUNG was salary of two thousand five hundred dollars ($2,500.00) per month.

44. At all relevant times, Plaintiff PATRICK TUNG was not paid overtime pay for overtime work.

45. At all relevant times, Plaintiff PATRICK TUNG was never informed of any tip deductions toward the minimum wage.

46. Throughout his employment, Plaintiff PATRICK TUNG was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for

each pay day in Chinese, Plaintiff's native language.

47. Throughout his employment, Plaintiff PATRICK TUNG was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

48. Throughout his employment, Plaintiff PATRICK TUNG was not compensated for New York's spread of time premium for shifts that lasted longer than ten (10) hours at the applicable New York minimum wage.

### *Plaintiff VANESSA LI*

49. From on or about October 15, 2018 through on or about April 8, 2021, and from on or about August 4, 2021 through on or about September 15, 2021, Plaintiff VANESSA LI worked for Defendants as a cashier at Defendants' restaurant, located at 136-20 Roosevelt Avenue, Floor 3, Flushing, NY 11355.

50. From on or about October 15, 2018 through on or about October 31, 2020, Plaintiff VANESSA LI's regular work schedule ran: from 11:30 hours (11:30 AM) through 20:30 hours (8:30 PM), three (3) or four (4) days per week, for twenty-seven (27) or thirty-six (36) (on average, thirty-one and one-half (31.5)) hours per week.

51. From on or about November 1, 2020 through on or about April 8, 2021, Plaintiff VANESSA LI regularly worked sixty-six (66) hours per week: from 10:00 hours (10:00 AM) through 21:00 hours (9:00 PM), six (6) days per week.

52. From on or about August 4, 2021 through on or about September 15, 2021, Plaintiff VANESSA LI regularly worked forty (40) hours per week: from 20:00 hours (8:00 PM) through 04:00 hours (4:00 AM) the next morning, five (5) days per week.

53. At all relevant times, Plaintiff VANESSA LI did not have a fixed time for lunch or for dinner.

54. From on or about October 15, 2018 through April 8, 2021, Plaintiff VANESSA LI was paid fifteen dollars ($15.00) per hour.

55. From on or about August 4, 2021 through September 15, 2021, Plaintiff VANESSA LI was paid seventeen dollars ($17.00) per hour.

56. Throughout her employment, Plaintiff VANESSA LI was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

57. Throughout her employment, Plaintiff VANESSA LI was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

## COLLECTIVE ACTION ALLEGATIONS

58. Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not paid one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

59. Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

60. All said persons, including Plaintiffs, are referred to herein as the "Class."

61. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

62. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

63. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

 a. Whether Defendant employed Plaintiffs and the Class within the meaning of the New York law;

 b. Whether Plaintiffs and Class members are entitled to and paid overtime at their promised hourly wage under the New York Labor Law;

 c. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

 d. Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

 e. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday

Case 1:21-cv-07137-AMD-RML   Document 1   Filed 12/28/21   Page 11 of 19 PageID #: 11

at the start of Plaintiffs and the Rule 23 Class's start of employment and/or timely thereafter;

f. Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday; and

g. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

64. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

65. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

66. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against

GDass                             11 of 19                             Complaint

corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

67. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

# STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the New York Labor Law—Failure to Pay Minimum Wage
Brought on behalf of Plaintiff PATRICK TUNG and the Class]**

68. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

69. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

70. At all relevant times, Defendants had a policy of refusing to Pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

71. Defendants knowingly and willfully violated Plaintiff and similarly situated Class Members' rights by failing to pay him minimum wage in the lawful amount for hours worked.

72. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

### COUNT II.
**[Violations of the Fair Labor Standards Act—Failure to Pay Overtime
Brought on behalf of Plaintiff PATRICK TUNG and the FLSA Collective]**

73. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

74. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum

wage, whichever is greater. 29 U.S.C. § 207(a).

75. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

76. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

77. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

78. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

79. Defendants willfully and maliciously failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

80. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

**COUNT III.**
**[Violation of New York Labor Law—Failure to Pay Overtime**
**Brought on behalf of Plaintiff PATRICK TUNG and the Class]**

81. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

82. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

83. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one-half times the hourly rate the Plaintiffs and the class are entitled to.

84. Defendant' failure to pay Plaintiffs their overtime pay violated the NYLL.

85. Defendants' failure to pay Plaintiffs was not in good faith.

## COUNT IV.
**[Violation of New York Labor Law—Failure to Pay Spread of Time  
Brought on behalf of Plaintiffs and the Class]**

86. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

87. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

88. Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

## COUNT V.
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice  
Brought on behalf of Plaintiffs and the Class]**

89. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

90. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary,

piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

91. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

92. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

93. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

### COUNT VI.
### [Violation of New York Labor Law—Failure to Provide Wage Statements Brought on behalf of Plaintiffs and the Class]

94. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

95. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

96. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

97.     Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a)      Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiffs and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing, willful, and malicious failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h) Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i) Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j) An award of liquidated and/or punitive damages as a result of Defendants' willful and malicious failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l) The cost and disbursements of this action;

      m)      An award of prejudgment and post-judgment fees;

      n)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

      o)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: December 28, 2021
      Flushing, New York

                                       TROY LAW, PLLC
                                       *Attorneys for the Plaintiffs, proposed FLSA*
                                       *Collective and potential Rule 23 Class*

                                       /s/ John Troy
                                       John Troy (JT0481)
                                       Aaron Schweitzer (AS 6369)
                                       Tiffany Troy (Bar ID 5881735)